IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

CASE NO. 23-3855

---

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

KENNETH EVANS,
Defendant-Appellant.

---

On Appeal from the United States District Court
for the Northern District of Ohio
Eastern Division

---

BRIEF OF PLAINTIFF-APPELLEE

---

REBECCA C. LUTZKO
United States Attorney

Edward L. Metzger III
Omega Law PLLC
P.O. Box 559
Union, KY 41091
Telephone No: (859) 898-2140
E-mail: lee@nkylaw.net

Attorney for Defendant-Appellant

Adam J. Joines
Assistant United States Attorney
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
Telephone No: (216) 622-3929
Email: Adam.Joines@usdoj.gov

Counsel for Plaintiff-Appellee

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ...............................................vi

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION.....1

STATEMENT OF THE ISSUES..................................................................2

STATEMENT OF THE CASE......................................................................3

SUMMARY OF THE ARGUMENT ......................................................10

ARGUMENT .......................................................................................15

I.   AGGRAVATED ROBBERY UNDER OHIO REVISED CODE SECTION
     2911.01(A)(1) QUALIFIES AS A CRIME OF VIOLENCE UNDER THE
     SENTENCING GUIDELINES WHERE EVANS' *SHEPARD*
     DOCUMENTS SPECIFY THAT HIS UNDERLYING PREDICATE WAS
     THEFT UNDER OHIO REVISED CODE SECTION 2913.02. ..................15

CONCLUSION ....................................................................................36

CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION.................38

CERTIFICATE OF SERVICE ...............................................................39

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS .............40

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                    **Page(s)**

*Shepard v. United States,* 544 U.S. 500 (2007) ................................................. *passim*

*Lyons v. Stovall*, 188 F.3d 327 (6th Cir. 1999) ..........................................................6

*United States v. Brown*, No. 22-3470, 2024 WL 778119
    (6th Cir. Feb. 26, 2024) (unpublished) ....................................................... 16, 17

*United States v. Burris*, 912 F.3d 386 (6th Cir. 2019) (*en banc*) ............... 12, 18, 19

*United States v. Camp*, 903 F.3d 594 (6th Cir. 2018) .............................................14

*United States v. Carter*, 69 F.4th 361 (6th Cir. 2023) .................................... *passim*

*United States v. Cervenak*, 99 F.4th 852 (6th Cir. 2024).................................. 16, 17

*United States v. Ferguson*, 681 F.3d 826 (6th Cir. 2012).........................................6

*United States v. Harris*, 853 F.3d 318 (6th Cir. 2017) ............................................19

*United States v. Ivy*, 93 F.4th 937 (6th Cir. 2024) ........................................ *passim*

*United States v. Mont*, 723 F. App'x 325 (6th Cir. 2018) .........................................6

*United States v. Patterson*, 853 F.3d 298 (6th Cir. 2017) .......................................18

**State Cases**

*Ohio v. Evans*, 911 N.E.2d 889 (Ohio 2009)...........................................................18

*Ohio v. Harris*, 911 N.E.2d 882 (Ohio 2009) .........................................................19

*State v. Tapscott*, 978 N.E. 2d 210 (Ohio Ct. App. 2012) .......................................19

*State v. Thomas*, 106 Ohio St.3d 133, 832 N.E.2d 1190 (2005) .............................22

## Federal Statutes

18 U.S.C § 3231 ..................................................................................1

18 U.S.C. § 3553(a) ............................................................................7

18 U.S.C. § 3742(a) ............................................................................1

18 U.S.C. § 841(c) ............................................................................12

18 U.S.C. § 922(g)(1)..........................................................................3

26 U.S.C. § 5845(a) ..........................................................................12

28 U.S.C. § 1291 ................................................................................1

## State Statutes

Ohio Rev. Code § 2911.01(A)(1) ................................................ *passim*

Ohio Rev. Code § 2911.01(A)(3) ..........................................................5, 6

Ohio Rev. Code § 2911.02(A)(2) ............................................... *passim*

Ohio Rev. Code § 2913.01................................................................. *passim*

Ohio Rev. Code § 2913.02................................................................. *passim*

Ohio Rev. Code § 2913.02(A) .......................................................... *passim*

## Federal Rules

Fed. R. App. P. 34(a)(2)(C) ............................................................... vi

Fed. R. Evid. 201 ................................................................................6

## U.S. Sentencing Guidelines

U.S.S.G. § 2K2.1(a)(2) ................................................................. 5, 22

U.S.S.G. § 2K2.1(a)(4)(A)........................................... 6, 11, 13, 16

U.S.S.G. § 4A1.1(e) ............................................................................6

U.S.S.G. § 4B1.2(a) ........................................................................... 12, 19

U.S.S.G. § 4B1.2(a)(1) ...................................................................... 12, 20

U.S.S.G. § 4B1.2(a)(2) ............................................................................12

U.S.S.G. § 4B1.2(e)(2) ................................................................... *passim*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Plaintiff-Appellee, the United States of America, believes that the briefs and record adequately present the facts and legal arguments and that oral argument would not significantly aid the decisional basis.  Defendant-Appellant Kenneth Evans' appeal concerns whether the district court properly enhanced his Sentencing Guidelines offense level after concluding that his prior Ohio aggravated robbery conviction under Ohio Rev. Code § 2911.01(A)(1) constituted a "crime of violence" under the Sentencing Guidelines.  That challenge presents a pure question of law, and this Court's decision in *United States v. Carter*, 69 F.4th 361 (6th Cir. 2023), decides it in the government's favor because Evans' indictment specifies the underlying theft offense is Ohio Rev. Code § 2913.02 and the elements of his aggravated robbery conviction are not broader than Guidelines extortion.

Further, the relevant portions of the record and the law regarding discretionary remands on direct appeal are well-established, and the district court's reasons for imposing Evans' sentence are straightforward.  Accordingly, the government recommends that this Court decide this case on the briefs under Federal Rule of Appellate Procedure 34(a)(2)(C).

## <u>JURISDICTIONAL STATEMENT</u>

The district court had jurisdiction under 18 U.S.C § 3231 over this case charging a federal criminal offense. (R. 1: Indictment, PageID 1). It entered final judgment against Defendant-Appellant Kenneth Evans, on October 12, 2023. (R. 40: Judgment, PageID 1). Evans filed a timely notice appeal on October 12, 2023. (R. 44: Notice of Appeal, PageID 1). This court has jurisdiction over Evans' appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## <u>STATEMENT OF THE ISSUES</u>

I.    Whether aggravated robbery under Ohio Revised Code § 2911.01(A)(1) qualifies as a crime of violence under the Sentencing Guidelines where Evans' *Shepard* documents specify that his underlying predicate theft occurred under Ohio Revised Code § 2913.02?

## STATEMENT OF THE CASE

### A.   Introduction.

Evans has a prior Ohio conviction for aggravated robbery, for which he served a five-year term of incarceration.  (R. 26: 2nd Revised Final PSR (hereinafter, "PSR"), PageID 167).  After Evans' release, the police saw him engage in a suspected drug deal near a gas station.  (*Id.*, PageID 162).  During a subsequent traffic stop, the police smelled marijuana coming from Evans' car and saw an open beer bottle in his backseat.  (*Id.*).  The officers searched Evans' car and found a pistol, which Evans admitted he possessed and later was tested to match his DNA.  (*Id.*).  After his arrest, he stated to an officer, "I should have shot you in your face." (*Id.*).  Because his prior felony convictions prohibited Evans from possessing firearms, Evans was referred for prosecution for his offense.

### B.   Evans Pleads Guilty to Possessing a Firearm as a Felon.

On March 3, 2022, a Northern District of Ohio grand jury returned an indictment charging Evans with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  (R. 1: Indictment, PageID 1–2).  On January 10, 2023, Evans pleaded guilty to the indictment without a plea agreement.  (R. 26: PSR, PageID 162).

3

### C.    The District Court Imposes A 57-Month, Within-Guidelines Sentence.

Before sentencing, the PSR recommended that the district court apply a base offense level of 24, under U.S.S.G. §2K2.1(a)(2), because the instant firearms offense occurred subsequent to sustaining two felony convictions for crimes of violence or controlled substance offenses.  (R. 26: PSR, PageID 163).  The PSR stated that Evans had two prior Guidelines crimes of violence, those being aggravated robbery under Ohio Revised Code Section 2911.01(A)(1) on September 21, 2009, in Cuyahoga County Court of Common Pleas, case no. CR-09-529317; and aggravated robbery, O.R.C. § 2911.01(A)(3) on May 25, 2005, in Cuyahoga County Court of Common Pleas, case no. CR-04-459923.  (*Id.*, PageID 163, 166, 167).  Relevant here, Evans' indictment in case no. CR-09-529317 specified that the predicate for his § 2911.01(A)(1) aggravated robbery offense was theft under Ohio Revised Code §§ 2913.01 and 2913.02. (*Id.*, PageID 167; *see* (Doc. 20-2: certified copies of indictment and journal entries, *Ohio v. Kenneth Evans*, Cuyahoga County Court of Common Pleas, case no. CR-09-529317 (hereinafter, "*Shepard* Documents")).[1]  The court found his § 2911.01(A)(1)

---

[1] The United States previously moved this Court to take judicial notice of Evans' *Shepard* Documents relevant to the issue presented.  (Doc. 20-1: Appellee's Motion to Take Judicial Notice).  "[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record" that, as here, reflect relevant publicly available facts.  *United States v. Mont*, 723 F. App'x 325, 327 n.3

aggravated robbery was a crime of violence under the enumerated offense clause. (R. 43: Continued Sentence Hearing Trans., PageID 377).  Evans' attorney objected to this finding.  (*Id.*, PageID 380).  The district court then ruled, over the United States' objection, that Evans' second aggravated robbery conviction under § 2911.01(A)(3) was not a crime of violence.  (*Id.*, PageID 384).  It therefore found, before acceptance of responsibility, that Evans' base offense level was "20 pursuant to United States Sentencing Guidelines Section 2K2.1(a)(4)(A)."  (*Id.*).

The PSR also recommended that the district court apply two status points to Evans' subtotal of 10 criminal history points because he committed the instant offense while on parole for his prior state convictions.  (R. 26: PSR, PageID 172).  With the status points adjustment, Evans would have 12 criminal history points, yielding a criminal history category of V.  During sentencing, the court agreed that Evans' criminal history category was V, noting that although Evans was sentenced before November 1, 2023, "even with the application of the Section 4A1.1(e) anticipated to go into effect November 1 and to have retroactive application, the defendant's criminal history category would still remain V" because his total

---

(6th Cir. 2018) (quoting *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999)); *see also United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012); Fed. R. Evid. 201.  This Court therefore should take judicial notice of those state court documents here.

criminal history score in that situation would be 11 instead of 12.  (R. 43:

Continued Sentencing Hearing Trans., PageID 385).

Based on a three-level reduction for acceptance of responsibility, the court

concluded that Evans had a total offense level of 17, criminal history of V, yielding

a Guidelines range of 46-to-57 months. (*Id.*).  After considering all relevant factors

under 18 U.S.C. § 3553(a), the court imposed a within-Guidelines sentence of 57

months.  (*Id.*, PageID 411).  This timely appeal followed.

## SUMMARY OF THE ARGUMENT

The district court properly calculated Evans' Guidelines range, and this Court should affirm his within-Guidelines sentence of 57 months. Evans' aggravated robbery conviction under Ohio Revised Code § 2911.01(A)(1) qualifies as a crime of violence. Because the indictment for his aggravated robbery offense shows the predicate theft offense occurred under Ohio Revised Code § 2913.02, the requirement that the offense include an element of "obtaining something of value from another" under U.S.S.G. §4B1.2(e)(2) is met. This determination is consistent with this Court's decisions in *United States v. Ivy*, 93 F.4th 937 (6th Cir. 2024) and *United States v. Carter*, 69 F.4th 361 (6th Cir. 2023). The district court therefore properly calculated Evans' base offense level.

*Carter* held that a separate statute for robbery under Ohio Revised Code § 2911.02(A)(2) is a categorical match for the Guidelines definition of "extortion." 69 F.4th at 363-65. Evans' case presents the same issue for a different Ohio robbery statute—aggravated robbery—where the person used, displayed, brandished, or otherwise indicated possession of a deadly weapon during, or while fleeing from, committing or attempting to commit a theft offense. *See* O.R.C. § 2911.01(A)(1). The first part of this Ohio aggravated-robbery statute is identical to the first part of the robbery statute at issue in *Carter*. Additionally, Evans' aggravated robbery indictment—which the district court may consider under

*Shepard v. United States,* 544 U.S. 13 (2005)—confirms his underlying predicate for aggravated robbery was theft under O.R.C. § 2913.02.  This theft offense involves depriving an owner of property or services without consent, beyond the scope of consent, or by deception, threat, or intimidation.  O.R.C. § 2913.02(A); *see* (R. 26: PSR, PageID 167), (Doc. 20-2: *Shepard* Documents).  As part of his aggravated robbery conviction, Evans therefore was convicted of "attempting or committing a theft offense, as defined in Sections 2913.01 and 2913.02 of the Revised Code, or in fleeing immediately after the attempt or offense." (*Id.*).

Accordingly, *Carter*'s holding that the first part of § 2911.02(A)(2) is a categorical match for the Guidelines definition of extortion (*i.e.* it involves "obtaining something of value from another" under U.S.S.G. §4B1.2(e)(2) (*Carter*, 69 F.4th at 363)) applies equally to the first part of Evans' prior conviction under Section 2911.01(A)(1).  Further, *Carter*, as recently interpreted by *Ivy*, confirms that Ohio robbery and aggravated-robbery convictions with an underlying theft offense under § 2913.02 match the "obtaining something of value from another" element of Guidelines extortion.  *See Ivy*, 93 F.4th at 946 ("We must decide whether Ohio aggravated robbery with a deadly weapon requires an offender to obtain something of value from another person.  **If it does**, then Ohio aggravated robbery does not cover more conduct than the Guidelines' definition of extortion." (emphasis added)).  Unlike the defendant's conviction in *Ivy*, Evans' *Shepard*

9

Documents specify a particular qualifying underlying offense—theft.  Thus, *Ivy* does not change *Carter*'s application here.

Further, Section 2911.01(A)(1)'s second part, its deadly-weapon element, also categorically matches the Guidelines extortion element of "wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical injury" under U.S.S.G. §4B1.2(e)(2).  This match is confirmed by the Ohio statute's plain text, Ohio caselaw interpreting that statute, and this Court's "deadly weapon rule."  Accordingly, the district court correctly concluded that Evans' § 2911.01(A)(1) conviction constituted a crime of violence—extortion—and thus warranted an enhanced base offense level of 20.

This Court therefore should affirm the district court's 57-month within-Guidelines sentence.

10

**<u>ARGUMENT</u>**

I.    **AGGRAVATED ROBBERY UNDER OHIO REVISED CODE SECTION 2911.01(A)(1) QUALIFIES AS A CRIME OF VIOLENCE UNDER THE SENTENCING GUIDELINES WHERE EVANS' *SHEPARD* DOCUMENTS SPECIFY THAT HIS UNDERLYING PREDICATE OFFENSE WAS THEFT UNDER OHIO REVISED CODE SECTION 2913.02.**

   A.    **Standard of Review.**

This Court reviews de novo the legal question of whether the defendant "had a conviction for a crime of violence before he committed the offense of being a felon in possession of a firearm." *United States v. Ivy*, 93 F.4th 937, 941 (6th Cir. 2024).

   B.    **Applicable Guidelines Provisions and The Ohio Statutes.**

The Sentencing Guidelines recommend a higher base offense level—20—for criminal defendants convicted of possessing a firearm as a felon when that offense involved possessing a firearm or ammunition "subsequent to sustaining one felony conviction of either a crime of violence or controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). At issue here is whether Evans' qualifying predicate offense is a crime of violence.

A "crime of violence" is any federal or state felony that either:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson,

11

extortion, or the use or unlawful possession of a firearm
as described in 26 U.S.C. § 5845(a) or explosive material
as defined in 18 U.S.C. § 841(c).

U.S.S.G. §4B1.2(a).  Section 4B1.2(a)(1) is often called the "elements clause" and

§4B1.2(a)(2) is often called the "enumerated-offense clause."  *United States v.*

*Burris*, 912 F.3d 386, 396-97 (6th Cir. 2019) (*en banc*).  A state conviction

qualifies as a crime of violence if it fits within either clause's definition.  *Id.* at 396.

The Ohio aggravated-robbery statute under which Evans previously was

convicted states that:

(A)  No person, in attempting or committing a theft
offense, as defined in section 2913.01 and 2913.02 of the
Revised Code, or in fleeing immediately after the attempt
or offense, shall do any of the following:

* * *

(1)  Have a deadly weapon on or about the
offender's person or under the offender's control
and either display the weapon, brandish it, indicate
that the offender possesses it, or use it[.]

Ohio Rev. Code. § 2911.01(A)(1); (*see* R. 26: PSR, PageID 167 (describing Evans'

prior conviction and providing statutory elements).  Applicable *Shepard*

documents specify that Evans was charged and convicted of committing

§ 2911.01(A)(1) aggravated robbery offense, with an underlying theft offense as

defined in Ohio Revised Code, §§ 2913.01 and 2913.02.  *See* (R. 26: PSR, PageID

167); (Doc. 20-2: *Shepard* Documents).

12

Although O.R.C. § 2913.01 lists 31 different offenses, § 2913.02 theft, which Evans agreed he committed by pleading guilty in his state court case, prohibits a person from depriving "the owner of property or services" by knowingly obtaining or exerting control over either the property or services "in any of the following ways":

> (1) Without the consent of the owner or person authorized to give consent;
>
> (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
>
> (3) By deception;
>
> (4) By threat; or
>
> (5) By intimidation.

Ohio Rev. Code § 2913.02(A).

### C.  The District Court Correctly Calculated Evans' Offense Level Because His Prior Ohio Aggravated Robbery Is Not Broader Than Guidelines Extortion.

1.  <u>Evans' Ohio Aggravated Robbery § 2911.01(A)(1) Specifies a Predicate § 2913.02 Theft Offense, Which Meets the Guidelines Extortion Element of "Obtaining Something of Value from Another."</u>

The district court properly applied a base offense level of 20 under Guideline § 2K2.1(a)(4)(A). It found that Evans' Ohio aggravated robbery conviction under § 2911.01(A)(1) constituted Guidelines-enumerated extortion. (R. 43: Continued Sentencing Hearing Trans., PageID 379–80). The court's finding was correct.

13

As in *Carter*, Ohio's aggravated-robbery statute "categorically matches that definition" of Guidelines extortion where the underlying predicate offense was theft. 69 F.4th at 363. The Guidelines define extortion as "obtaining something of value from another by the wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical injury." U.S.S.G. §4B1.2(e)(2). Because the Guidelines define extortion, that definition—not a generic definition of extortion—controls. *See Carter*, 69 F.4th at 363; *United States v. Camp*, 903 F.3d 594, 602 (6th Cir. 2018). This Court therefore should not separately analyze whether § 2911.01(A)(1) is a categorical match for generic extortion. *See Carter*, 69 F.4th at 363; *Camp*, 903 F.3d at 602.

*Carter* all but decides that § 2911.01(A)(1) is a categorical match for Guidelines extortion when it involves a § 2913.02 theft offense. Although *Carter* involved a different Ohio robbery statute, its analysis is nevertheless binding as to the first part of the Ohio aggravated-robbery statute at issue here. Section 2911.01(A)(1)'s first part is identical to the first part of the robbery statute at issue in *Carter*: both prohibit any "person, in attempting or committing a theft offense," as defined elsewhere in Ohio law, "or in fleeing immediately after the attempt or offense," from engaging in certain aggravating conduct or causing certain aggravating results. *Compare* Ohio Rev. Code § 2911.01(A)(1) *with* Ohio Rev. Code § 2911.02(A)(2).

14

*Carter* treated this language as constituting § 2911.02(A)(2)'s first and third elements, and held that "[t]hese elements are the same as, or narrower than, the elements of Guidelines extortion." 69 F.4th at 363–64. *Carter*, as interpreted by *Ivy*, thus confirms that Ohio robbery and aggravated-robbery convictions with an underlying theft offense of Ohio Rev. Code § 2913.02, match the "obtaining something of value from another" element of Guidelines extortion. Indeed, "Ohio theft is complete only if an individual acts without consent or by deception, threat, or intimidation." *Carter*, 69 F.4th at 364 (citing O.R.C. § 2913.02(A)). That conclusion applies with equal force to the identical text found in § 2911.01(A)(1), when, as here, the *Shepard* Documents specify Section 2913.02 as the predicate offense.

Evans' state court indictment reveals that he was charged with committing a § 2911.01(A)(1) aggravated robbery offense with an underlying theft offense of § 2913.02. (R. 26: PSR, PageID 167); (Doc. 20-2: *Shepard* Documents). By first citing the general § 2913.01 theft statute containing multiple offenses, before then using the conjunction "and" to further specify § 2913.02, the indictment specified which of § 2913.01's listed offenses constituted the predicate offense—here, § 2913.02 theft. (Doc. 20-2: *Shepard* Documents). A natural reading of Evans' *Shepard* Documents conclusively demonstrates that he pled guilty to an aggravated robbery charge specifying a qualifying predicate theft offense. Accordingly, under

15

*Carter*, Evans' § 2911.01(A)(1) offense constituted an enumerated crime of violence—extortion—and thus warranted an enhanced base offense level 20 that the district court correctly applied under U.S.S.G. §2K2.1(a)(4)(A). (*See* R. 26: PSR, PageID 164).

This Court's subsequent decisions in *Ivy*, 93 F.4th at 937, and *United States v. Brown*, No. 22-3470, 2024 WL 778119 (6th Cir. Feb. 26, 2024) (unpublished), do not change *Carter*'s application based on the record here. In fact, *Ivy* distinguished *Carter* as a case in which "theft," in violation of § 2913.02, was presumed to be the underlying theft offense. *Ivy*, 93 F.4th at 947. The defendants in *Ivy* and *Brown* were convicted of Ohio aggravated robbery with a deadly weapon, but their *Shepard* documents did **not** specify the underlying predicate offense. It was therefore unclear in those cases which of § 2913.01's listed offenses each committed. Because no predicate offense was expressly listed, the Court in both cases found that it could not presume that the defendants were convicted of committing an underlying § 2913.02 theft offense. *Id.*; *Brown*, 2024 WL 778119 at *3. *See also United States v. Cervenak*, 99 F.4th 852, 862 (6th Cir. 2024) (upholding *Carter*'s application to Ohio robbery under § 2911.02(A)(2) continues to apply following *Ivy*, and clarifying that "under Ohio law, [§ ]2913.02(A) theft was an element of Carter's conviction").

16

*Ivy* and *Brown*'s findings that the defendants' § 2911.01(A)(1) convictions did not qualify as Guidelines extortion thus were premised on the lack of a specified theft offense in those defendants' *Shepard* documents. Evans' situation is different. His *Shepard* documents specify a qualifying theft offense. (Doc. 20-2: Shepard Documents). He therefore falls under *Carter*, as *Ivy* allows. *See Cervenak*, 99 F.4th at 862 (*Ivy* allows for *Carter* to apply, in the very least, to "conviction that explicitly list 2913.02(A) theft in the charging documents").

        2.    <u>Evans' Ohio Aggravated Robbery § 2911.01(A)(1) Requires Showing Use of a Deadly Weapon, Which Meets the Guidelines Extortion Element of "wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical injury."</u>

That leaves only one element of § 2911.01(A)(1)—its deadly-weapon element—that *Carter* did not address. But the plain text of that statutory element, Ohio caselaw interpreting that statutory text, and this Court's "deadly weapon rule" all confirm that this deadly-weapon element is also "the same as, or narrower than, the elements of Guidelines extortion." *Carter*, 69 F.4th at 365.

The plain text of § 2911.01(A)(1)'s deadly-weapon element shows that it is a categorical match for Guidelines extortion. A person violates this element of aggravated robbery when he "[has] a deadly weapon on or about [his] person or under [his] control and either display[s] the weapon, brandish[es] it, indicate[s] that [he] possesses it, or use[s] it." O.R.C. § 2911.01(A)(1). This text shows that every person whose conduct violates this element has also used "force," the "fear of

17

physical injury," the "threat of physical injury," or some combination of the three. *See* U.S.S.G. §4B1.2(e)(2); *Carter*, 69 F.4th at 363 (discussing force and fear/threat of injury in the context of Guidelines extortion).

Ohio caselaw interpreting § 2911.01(A)(1)'s deadly-weapon element confirms this plain-text reading. The Ohio Supreme Court has compared this element with § 2911.02(A)(2)'s physical-harm element and held, as a matter of Ohio law, that a person "cannot" violate § 2911.01(A)(1) without also violating § 2911.02(A)(2). *Ohio v. Evans*, 911 N.E.2d 889, 894–95 (Ohio 2009); *United States v. Patterson*, 853 F.3d 298, 303 (6th Cir. 2017) (discussing *Evans*); *see Burris*, 912 F.3d at 398 (principal op.) (this Court is "bound by the Ohio Supreme Court's interpretation of its criminal law"). Because this Court has already held that § 2911.02(A)(2)'s physical-harm element "is the same as the corresponding element" in Guidelines extortion, *Carter*, 69 F.4th at 364, the same must also be true of § 2911.01(A)(1)'s deadly-weapon element.

The Ohio Supreme Court's holding in *Evans* is enough, combined with *Carter*, to decide this issue. But the Court's reasoning further confirms that § 2911.01(A)(1)'s deadly-weapon element "is the same as" Guidelines extortion's "corresponding element." *See Carter*, 69 F.4th at 364. In *Evans*, the Ohio Supreme Court explained that "[o]ne cannot display, brandish, indicate possession of, or use a deadly weapon in the context of committing a theft offense without

18

conveying an implied threat to inflict physical harm."  911 N.E.2d at 894; *see also State v. Tapscott*, 978 N.E. 2d 210, 219 (Ohio Ct. App. 2012) ("[I]n order for the defendant to display, brandish, indicate possession of, or use a weapon, he would have done so **to the person he is robbing**; thus, the offense is essentially defined in terms of conduct **toward another**." (emphasis added)); *accord Ohio v. Harris*, 911 N.E.2d 882, 885 (Ohio 2009).  Indeed, "[i]t is the very act of displaying, brandishing, indicating possession, or using the weapon that constitutes the threat to inflict harm because it intimidates the victim into complying with the command to relinquish property without consent."  *Evans*, 911 N.E.2d at 894.  Because Guidelines extortion can be committed by the threat of physical injury, § 2911.01(A)(1)'s deadly-weapon element "is the same as" Guidelines extortion's "corresponding element." *See Carter*, 69 F.4th at 364.

Finally, this Court's "deadly weapon rule" aligns with the logic of the Ohio Supreme Court cases just discussed, which confirms that § 2911.01(A)(1)'s deadly-weapon element is a categorical match for the corresponding element of Guidelines extortion.  Under that rule, "'when a felony must be committed with a deadly weapon and involves some … threat of physical force,'" it necessarily involves the level of force required by §4B1.2(a)'s elements clause.  *See Burris*, 912 F.3d at 405 (principal op.) (citing *United States v. Harris*, 853 F.3d 318, 321 (6th Cir. 2017)).  Because the "force" language of §4B1.2(a)'s elements clause

19

corresponds so closely with the "force" language of Guidelines extortion, *see* U.S.S.G. §4B1.2(a)(1), (e)(2), this Court's "deadly weapon" rule provides even further confirmation that § 2911.01(A)(1)'s deadly-weapon element is a categorical match for Guidelines extortion.

In sum, *Carter* all but decided that Ohio aggravated-robbery convictions under § 2911.01(A)(1) qualify as Guidelines extortion. The only part of that statute that *Carter* did not address—its deadly-weapon element—is also "the same as, or narrower than," the corresponding element of Guidelines extortion. *See Carter*, 69 F.4th at 365 (citation omitted). The deadly-weapon element's plain text, Ohio caselaw interpreting that text, and this Court's "deadly weapon rule" all confirm that aggravated robbery is a Guidelines crime of violence.

### D. Evans' Arguments That His Aggravated Robbery Offense Is Not a Match for Guidelines Extortion Fail to Justify Reversal.

Evans raises several arguments, each of which misapplies or misinterprets this Court's prior holdings regarding the categorical approach and crimes of violence. Evans' claim that his aggravated robbery conviction cannot be a crime of violence under Guidelines extortion because theft under O.R.C. § 2913.02 includes "ways that do not involve wrongful use of force, fear of physical injury, or threat of physical injury" (Doc. 18: Evans' Br., Page 24) muddles the Court's application of the categorical and modified categorial approaches. Elements of Ohio's theft offense matter only to show "whether Ohio aggravated robbery with a

deadly weapon requires an offender to obtain something of value from another person." *Ivy*, 93 F.4th at 946. This Court is not deciding whether theft, on its own, is a match for Guidelines extortion. Only in that case would it need to evaluate all elements of the extortion definition against the elements of theft. O.R.C. § 2913.02 is relevant here solely because it provides the predicate offense necessary to show the requisite taking. To that end, the Court need only decide whether the theft statute of § 2913.02 requires an offender to "obtain something of value from another person." *Id. Ivy* did not, in applying the double divisibility standard, apply all elements of extortion to the underlying theft offense at issue in that case (O.R.C. § 2913.01). It decided, and ultimately held, "that the Ohio aggravated robbery statute, without a specified predicate theft offense, does not require an offender to obtain something of value from another person to violate the [aggravated robbery] statute." *Id.* As the United States has already explained, Evans differs from *Ivy* in that his conviction **does specify** the predicate theft offense.

Evans' claim that aggravated robbery is broader than extortion because it allows for a conviction "for conduct stemming from *flight* from a theft offense" (Doc. 18: Evans' Br., Page 25) is answered and refuted by *Carter.* In *Carter*, this Court held that Ohio robbery under § 2911.02(A)(2) requires "the physical harm to occur during theft or while 'fleeing immediately after.'" *Carter*, 69 F.4th at 364.

21

It determined that "immediately after" means "without any delay or lapse of time" between theft and flight. *Id.* (citing *State v. Thomas*, 106 Ohio St.3d 133, 832 N.E.2d 1190, 1192 (2005)). More importantly, *Carter* held that Guidelines extortion contains no concurrence requirement, meaning any temporal requirement in the Ohio statute criminalizes a smaller subset of activity than Guidelines extortion. *Id.* ("Thus, if the Guidelines differ from Ohio robbery on this element, the Guidelines are broader than Ohio robbery."). Because the flight language also appears in § 2911.01(A)(1) aggravated robbery, *Carter*'s holding applies with equal force to Evans' claim.

For these reasons, Evans' prior Section 2911.01(A)(1), with an underlying theft offense under Section 2913.02 qualifies as Guidelines extortion. This Court therefore should affirm the district court's decision to apply a base offense level of 20 under Section 2K2.1(a)(2).

## **CONCLUSION**

Evans' prior conviction for aggravated robbery under Ohio Revised Code Section 2911.01(A)(1) is a crime of violence.  The district court correctly calculated Evans' Guidelines range and sentenced him within that range.

For the foregoing reasons, the United States respectfully requests that this Court affirm Evans' 57-month sentence.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:    /s/ Adam J. Joines
Adam J. Joines
Assistant United States Attorney
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
Telephone No: (216) 622-3929
Email: Adam.Joines@usdoj.gov

Counsel for Plaintiff-Appellee

23

**<u>CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION</u>**

I hereby certify that the foregoing contains 4,202 words according to the word-counting feature of Microsoft Word for Office 365 and complies with this Court's 13,000-word limitation for briefs.

/s/ Adam J. Joines
Adam J. Joines
Assistant United States Attorney

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT
## <u>DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS</u>

Pursuant to Sixth Circuit Rule 30(b), the following filings from the district

court's records are designated as relevant to this appeal:

| DESCRIPTION OF ENTRY | RECORD ENTRY NO. | PAGE ID RANGE |
|---|---|---|
| Docket Sheet, Northern District of Ohio Case No. 22-CR-00090 | N/A | N/A |
| Indictment | 1 | 1–3 |
| Second Revised Final Presentence Report | 26 | 160–84 |
| Judgment | 40 | 359–65 |
| Continued Sentencing Hearing Transcript | 43 | 371–417 |
| Notice of Appeal | 44 | 418–19 |